STATE v. JOHN MARTIN HOSKINS.

(Filed 22 November, 1961.)

APPEAL by defendant from *Preyer, J.,* at May Term, 1961, of MOORE.

Criminal prosecution upon a bill of indictment charging John Martin Hoskins with the crime of involuntary manslaughter on the 12th day of January, in the year of our Lord 1961, and with force and arms at and in the county aforesaid, did "unlawfully, willfully, and feloniously kill and slay one Melaine Jean Cook, contrary to statute in such case made" etc.

Plea: Not guilty.

This case arose out of a collision between an automobile operated by defendant traveling upon a highway and an automobile operated by the deceased, Melaine Jean Cook, which entered the highway from a side road.

Upon the trial in Superior Court both State and defendant offered evidence.

The case was submitted to the jury under the charge of the court.

Verdict: Guilty.

Judgment: That defendant be confined in the Central Prison for a period of not less than three nor more than four years.

Defendant excepted thereto and appeals therefrom to Supreme Court, and assigns error.

*Attorney General Bruton, Assistant Attorney General Ralph Moody for the State.*

*H. F. Seawell, Jr. for defendant appellant.*

PER CURIAM. For conviction the State invokes and relies upon the principle of culpable negligence proximately resulting in the death of the decedent. However, the evidence, considered in the light most favorable to the State, fails to make out a case.

Culpable negligence has been the subject of uniform decisions of this Court. It suffices here to cite *S. v. Cope,* 204 N.C. 28, 167 S.E. 456, where in opinion by *Stacy, C.J.* (1933), the decisions of this Court were assembled and the principles defined and distinguished from actionable negligence in the law of torts.

Moreover, further collaboration to like effect is to be found in opinion of *Parker, J.,* in *S. v. Roop, ante,* 607, (1961). On the authority of principles enunciated in these cases and many more of like tenor, the defendant is entitled to an acquittal. Hence, the motion of defendant for judgment as of nonsuit should have been allowed.

Reversed.